Darcin agt. Wells.

---

## SUPREME COURT.

EMMA J. DARCIN, respondent, agt. PALMER B. WELLS, appellant.

*Receiver — when should not be appointed in partition suit — Insufficiency of affidavit.*

Where, in a partition suit, one of the parties in interest has in his possession a portion of the estate, and has been in the habit of collecting the rents, as he alleges, for the protection of the income from waste, a receiver of such property should not be appointed upon affidavit upon information and belief, that such party is of little or no responsibility.

*First Department, General Term, May,* 1881.

*Before* DAVIS, *P. J., and* BRADY, *J.*

APPEAL from order of the special term, appointing the receiver.

*F. J. Moissen,* for appellant.

*Alex. Thain,* for respondent.

BRADY, *J.* — The action was brought for the purpose of partitioning certain real estate which formerly belonged to one Julia Wells, deceased. The interest of the plaintiff was alleged in the complaint as one-ninth, and of Palmer B. Wells as one-third. It appears, also, that Palmer B. Wells has in his possession a portion of the estate, and has been in the habit of collecting the rents, as alleged by him, for the protection of the income from waste. He also avers that he has been ready at all times to account for the money received by him. The charge of insolvency made upon the points of the respondent, is not sustained by the proof, the statement upon that subject being simply one made by the respondent's attorney, in which he says that the defendant is informed and believes that Wells is a person of little or no responsibility. There is nothing upon the facts presented for our consideration, therefore, to warrant the conclusion that a receiver at present is necessary to protect the income from waste. Wells, as a tenant in common, is entitled to possession of the property as well as the others, and is liable upon a settlement of the estate, or upon a partition of it, to account for his occupancy of the premises according to the rental which may be determined in a proper investigation for that purpose.

For these reasons we think that the order appointing the receiver was improvident and should be reversed, with ten dollars costs and disbursements, and the motion denied, without prejudice, however, to another application founded upon proper affidavits and papers.

DAVIS, P. J. concurs.